## MISSOURI STATE LIFE INS. CO. v. KEES et al.

No. 15965—Opinion Filed Dec. 8, 1925.

### Vendor and Purchaser—Constructive Notice of Defects in Title.

A purchaser of lands takes them with

constructive notice of whatever appears in the conveyances which constitute his chain of title; and, if sufficient appears therein to put a prudent man on injuiry, which would, if prosecuted with ordinary diligence, lead to actual notice of a right or title in conflict with that he is about to purchase, and he fails to make such inquiry, the law will charge him with the actual notice he would have received if he had made it. Creek Land & Improvement Co. v. Davis, 28 Okla. 579, 115 Pac. 468.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Beaver County; Arthur G. Sutton, Judge.

Action by Americus W. Kees against the Missouri State Life Insurance Company and another. Judgment for plaintiff, and defendant named brings error. Affirmed.

Loofbourrow & Loofbourrow, for plaintiff in error.

R. E. Dickson, for defendant in error.

Opinion by JONES, C. This suit was instituted in the district court of Beaver county, Okla., wherein the appellee Americus W. Kees was plaintiff and appellant was defendant. Plaintiff asked for the cancellation of a certain warranty deed and of a certain real estate mortgage held by the appellant, the Missouri State Life Insurance Company. The defendant Joseph D. Kees filed no pleading in said cause, and the defendant life insurance company answered by way of general denial and cross-petition, and set forth the various mesne conveyances under which it claimed title to the note involved, and mortgage securing same, and asked for judgment and foreclosure. The facts as disclosed by the record show that the appellee Americus W. Kees was the owner of 80 acres of land in Beaver county, Okla., and that in August, 1915, he conveyed said land by warranty deed to his son, Joseph D. Kees, one of the defendants, the consideration stated in the deed being:

"Love and affection, and the agreement in the contract this day made, receipt of which is hereby acknowledged."

The warranty excepts. "All mortgages, taxes, and liens of record against the land."

The record discloses that there was a mortgage of $400 on the land in favor of the Pittsburg Mortgage & Investment Company. On April 21, 1917, Joseph D. Kees and wife executed a note for $900 and gave a mortgage to secure the payment thereof on the land in controversy to F. C. Elliott, and out of this loan of $900, the original loan of $400 was paid, and about $50 was applied on the

payment of an indebtedness theretofore created and incurred by Joseph D. Kees in repairing or building an addition to the barn located on the premises. The contract referred to in the deed was not filed for record until in October, 1921, and the only notice the mortgagee and its assigns had was the reference heretofore quoted found in the deed.

On the trial of the case before the court, without the intervention of a jury, judgment was rendered for the plaintiff canceling the deed and sustaining the mortgage lien on the land for $414, the amount of the original mortgage, together with interest at the time same was paid, as to the appellee Americus W. Kees, and personal judgment rendered against Joseph D. Kees for full amount of note of $900, but the court refused to decree a lien on the land for the difference between the $414 and $900. From this judgment the appellant prosecutes this appeal, and sets forth various specifications of error, but the principal contention made is that the court committed error in refusing to render judgment in favor of he appellant, foreclosing the mortgage lien for the full amount of its note, mortgage, interest, and attorneys' fee, and appellant takes the position that the record discloses that the appellee Americus W. Kees had knowledge of the execution and delivery of the mortgage for $900 at the time the same was executed or soon thereafter, and that he derived and accepted certain benefits therefrom, and that he is guilty of laches in that he failed to prosecute this action in due time, and remained silent and made no complaint, and further contends that the reference to the agreement contained in the contract, made in the deed, was not sufficient to put the mortgagee and its assignees on notice of the terms and conditions of said agreement and of the rights of the appellee Americus W. Kees, under the terms and conditions of same, and in support of its contention it cites section 7640, C. S. 1921, which provides that:

"When a grant of real property purports to be an absolute conveyance, but is intended to be defeasible on the performance of certain conditions, such grant is not defeated or affected as against any person other than the grantee or his heirs, or devisees or persons having actual notice, unless an instrument of defeasance, duly executed and acknowledged, shall have been recorded in the office of the register of deeds of the county where the property is situated."

We do not regard this provision of the statute controlling, however, for the reason that the deed in the instant case was not an absolute conveyance, and the recitations

contained in the deed were sufficient to put a reasonably prudent person on notice and sufficient to require an investigation, which if pursued, would have led to a disclosure of the facts. No defense having been made by the defendant Joseph D. Kees, the allegations of plaintiff's petition alleging that the said Joseph D. Kees had failed and refused to comply with the terms of the agreement, which was a substantial part of the consideration passing between the parties for the conveyance of the premises in controversy, are confessed and obviate the necessity of setting forth the contract.

This court in the case of Creek Land & Improvement Co. v. Davis, 28 Okla. 579, 115 Pac. 468, passed upon a question very similar to the one here involved, wherein the court said:

"The only question of importance for us to determine is, Did the presence of the words 'subject to contract' in the body of the duly executed and recorded deed from the Jeffersons to Brucker charge his grantees and those claiming under them with notice and the duty of ascertaining the terms of the unrecorded contract, entitling grantors to a reconveyance upon the repayment of the money borrowed."

In the instant case, as in the Davis Case, there is no question or controversy as to the intention of the parties to the agreement involved, and it was agreed under the terms of the contract that in the event the defendant Joseph D. Kees failed to comply with the terms and conditions of the agreement, the land in controversy was to revert to and be reconveyed to his father, Americus W. Kees.

In the Davis Case, supra, the rule as announced in Wade on Law on Notices (2nd Ed.) at section 310, is followed:

"The doctrine embodied in the general statement that a purchaser of realty takes with notice of every adverse legal claim or outstanding equity disclosed by the recitals contained in any of the papers under or through which he traces his title, is of universal recognition, both in this country and in Great Britain, subject, however, to such refinements and modifications as the peculiarities of adjudicated cases have from time to time demanded."

Following this authority and other citations in the case, this court held that the phrase "subject to contract" was sufficient notice to require all interested parties to make inquiry and investigation. Under this authority, we hold that the contention of appellant, to the effect that it is a bona fide purchaser without notice, must fall.

As to the question of whether or not the appellee Americus W. Kees had knowledge of the execution of the mortgage in controversy and was guilty of laches in failing to make complaint at an earlier date, this is one of fact and about which there is a conflict of evidence, and the court evidently found that appellee had no notice or knowledge of the transaction until long after its consummation, and we find that this is not against the clear weight of the evidence. However, under the circumstances existing in this case, we doubt if that question or issue is material, because under the terms of the agreement entered into by Americus W. Kees and his son, Joseph D. Kees, no occasion would have arisen for this controversy had the defendant Joseph D. Kees met his obligation and complied with the terms of the agreement, and we see no occasion for action on the part of the appellee until the holders of the mortgage were threatening and about to foreclose same, at which time the appellee instituted this suit, and in our judgment, although he may have had notice of the transaction, his suit would nevertheless be timely and the doctrine of laches would not apply, nor do we consider that appellee is estopped from asserting his rights by reason of the fact that a small portion of the funds received from the loan was applied to pay indebtedness, which had been incurred by the said Joseph D. Kees in making the improvements upon the premises. The benefits derived are not sufficiently substantial nor directly received and accepted by the appellee, and under the terms of the agreement between the appellee and his son, Joseph D. Kees, it was incumbent upon the said Joseph D. Kees to maintain the premises, and, furthermore, there is no satisfactory evidence nor proof of the fact that the appellee had knowledge of the fact that the improvements made were paid for out of funds received from the loan. The facts, as disclosed by the record, seem to show that the improvements were made sometime prior to the securing of the loan in controversy, and taking into consideration the nature of same and the small amount involved, it inclines us to the opinion that this contention is unworthy of further consideration, and insufficient to justify a reversal of this case, and we therefore find that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 39 Cyc. pp. 1713, 1714; 27 R. C. L. pp. 710 et seq.; 3 R. C. L. Supp. 1519; 4 R. C. L. Supp. p. 1764.